IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

RECEIVED
JAN 07 2008
Jan 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GEORGE TOLBERT,
    Plaintiff,

V.

PHILIP J. CLINE, Superintendent of
the Chicago Police Department,
Police Officer KIZZIAH, #7304, individually,
and as police Officer, Chicago Police Department,
Police Officer YOUNG, #9302, individually, and as
police officer, Chicago Police Department,
SGT. RIGGIO, individually and as police Officer,
Chicago Police Department, Det. DANIEL F. VARALLO, #20878,
individually and as Police Officer, Chicago Police
Department, P.O. F. JANTKE, #6642, P.O. C. STREFF, #18442,
jointly or severally, et al.,
    Defendants.

08CV0118
JUDGE ST.EVE
MAG.JUDGE VALDEZ

JURY DEMAND

CIVIL RIGHTS COMPLAINT
False arrest, false detention
and Malicious prosecution,
Fourth, Fifth, and Fourteenth
Amendment violation, deliber-
ate indifference, conspiracy.

    1. This is a civil action seeking damages against defendant for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. Defendants, while acting in their capacities as police officers in the City of CHICAGO, County of COOK, State of ILLINOIS, deprived plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the property of plaintiff, and deprived plaintiff of his property without due process of law, thereby depriving plaintiff of his rights, priviledges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. 1983 and under 28 U.S.C. 1343.

    2. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. 1331.

    3. Plaintiff GEORGE TOLBERT is a citizen and resident of the State of ILLINOIS and a citizen of the United States.

    4. Defendants P.O. KIZZIAH, Badge Number 7304, and P.O. YOUNG, Badge Number 9302, and P.O. F. JANTKE, Badge Number 6642, and P.O. C. STREFF, Badge Number 18442, were, at all times material to this Complaint, duly appointed police officers of the City of CHICAGO, assigned to District(s) 36th, HALSTED and ADDISON, and the BELMONT & WESTERN, 019 of the CHICAGO Police Department. At all times material to this Complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of ILLINOIS, City of CHICAGO, and the CHICAGO Police Department.

    5. Other Police officers participating/and acting in furthrance of this jointly undertaking activity against plaintiff were at all times material to this complaint, duly appointed police officers of the City of CHICAGO. At all times material to this Complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of ILLINOS, City of CHICAGO, and the CHICAGO Police Department, SAMUEL MUNIZ, #15510, Fingerprint Technician.

    6. Plaintiff sues all defendants in their individual capacities.

COUNT I

1-6. Plaintiff alleges and realledges paragraphs 1 through 6 as paragraphs

1 through 6 of this Count, with the same force and effect as if as if fully set forth herein.

Defendant Officer's Kizziah and Young Conspired to False Imprisonment Federal

7. On the evening of March 17, 2006, at approximately 1848 hours (6:43pm), plaintiff Tolbert was returning bact to St. Joseph Hospital's ambulatory entrance in the City of Chicago, and was obeying all applicable laws of the City of Chicago and was returning to the hospital using the same route taking a short cut through a very well lit and very wide alley leading from Pine Grove st., to Sheridan Road st., and Surf st. Plaintiff first picked up about 20 or 25 loose discarded keys that was scattered on the ground on Pine Grove st. and proceeded to neatly place them on a concrete block under a light.

8. On the evening of March 17, 2006, at approximately 6:48 pm, defendant P.O. Kizziah, dressed in police uniform and sitting in marked squad car stopped plaintiff and asked did plaintiff live around here and that this is a private alley. Plaintiff had violated no law, and defendant(s) had seen no probable cause that plaintiff had committed an offense nor did defendant Kizziah have any justification or authority whatever for racially profiling plaintiff who happened to be the only black walking through this alley.

9. Plaintiff stated to defendant P.O. Kizziah that he was just returning back to hospital visiting 96 year old relative and made a store run, and also found these loose keys scattered along the side walk. At no time before during this interrogation and and subsequent search of plaintiff did defendant Kizziah see or find any evidence or probable cause that plaintiff had committed any offense against the laws of the State of Illinois or the City of Chicago.

10. Defendant Kizziah subsequently radioed for other police officers after he placed plaintiff in handcuffs and placed plaintiff in squad car and drove plaintiff to corner of Pine Grove St. where as defendant P.O. Young arrived on the scene along with tree or four other police squad cars plus a Sgt. of these officers, while plaintiff continued to sit for several hours handcuffed in this police car and defendants refused to inform plaintiff of reasons for this detention. Plaintiff Tolbert was released afterwards by these defendant officers by after a name check of plaintiff via Zone 2 radio that revealed that plaintiff Tolbert was on Parole Status for burglary but was clean and clear of anything pending against him and was not observe committing any offense at the current time and was free to leave the area by approving orders of the defendant(s) Kizziah and Young's Sgt. The keys did not unlock any doors.

11. Defendant Kizziah stated that he later contacted the building manager/ engineer of the buildings where allegedly several burglaries had taken place on undisclosed dates. Plaintiff was released from this police detention at 8:55 pm. building manager/engineer was examined the keys on March 17, 2006, at 2230 hours (10:30pm) and stated to defendant police officer's that keys were no longer in use but formerly was a master set that went to buildings located at 430-436 W. Diversey where there had recently been several allege burglaries where as the defendants written up the allege M.O. was Unlawful Entry.

12. The defendants never stated that to plaintiff while he was in their temporary custody nor did the defendants take plaintiff to police station for further investigation concerning the keys.

After defendant officers Kizziah and Young knew that plaintiff Tolbert was currently on parole status the defendants conspired with other officers to write up several different Reports such as LOST AND FOUND REPORT, which was approved by SGT Matijevich stating keys were a Master Set from buildings 430-436 and that the defendants reason for stopping plaintiff on March 17, 2006 was because defendants observed plaintiff looking into open garages, and

2

that defendant officers were familiar with a series of garage burglaries in the specific 400 block of Surf street. also the defendants written INFORMATION REPORT Event #06076-16435 Dated March 17, 2006, at 1848pm and approved by Reviewing Watch Commander Captain stating that plaintiff used these allege keys in such a manner as to conceal his actions of unlocking and locking doors to allegedly burglarize apartments behind him. The allege predicate sifted from garage burglaries to residential burglaries against plaintiff when defendant officers became aware that plaintiff was on parole status for residential burglary.

13. Plaintiff Tolbert was never identified by any allege victims, tenants, or building manager/engineer as being on the property of these buildings during the commission of these allege burglaries or soon thereafter and no information was stated or set forth that lead the defendant officers to believe that plaintiff committed any of these allege offenses or the one that defendant officers conspired to subsequently charge plaintiff Tolbert with on May 9, 2006 by creating a fingerprint and using as circumstantial evidence against plaintiff.

14. Defendant officers Kizziah and Young submitted their supplementary report and information report to defendant Sgt. Riggio who requested defendant Det. Varallo to submit plaintiff Tolbert's name on a latent fingerprint exam against allege print(s) inventoried under RD #HM152429 in which allege prints lifted was a fingerprint and palmprint impressed on an allege jar of change that was allegedly removed from the victims bedroom to the living room.

15. Supposedly on April 17, 2006 defendants command was allegedly notified by the latent unit that the open fingerprint on this case was allegedly positively identified as GEORGE TOLBERT's. Plaintiffs number 8 finger, the left middle finger was identified, and that the palmprint was not his print and print examiner did not know whose palmprint belonged to or did the defendant Detectives order anyone else to give prints for comparing to the palmprints or for elimination process, plaintiff Tolbert continues to be racially profiled all throughout this allege case because plaintiff is the only black connected as suspect or mere suspicion where as everyone else such as allege victim who is Asian, building manager/engineer is a foriegner as well as his assistant who both has their own set of Master keys to these buildings. Their fingerprints or palmprints were never considered by defendant police or defendant Detectives to be compared to any of these allege burglaries neither was building manger/engineer and his assistant was never under suspicion even before the March 17, 2006 of defendant police stop of plaintiff.

Plaintiff Tolbert contends that defendant officers and defendant detectives acting in furtherance of this jointly undertaking activity against plaintiff based their mere suspicions on plaintiffs allege background and prior convictions and not actual evidence. An arrestee has a constitutional right to be free from detention where the circumstances and facts under police consideration demonstrates that police clearly lacked probable cause to make an arrest, and should have known that the imprisonment of arrested person may or might would constitue an unlawful arrest imprisonment under Section 1983 in violation of the Fourteenth Amendment. Cannon v. Macon County, 1F.3d 1562-63.

Plaintiff Tolbert further contends that the above defendants of the Chicago Police Department acting infurtherance of this jointly undertaking activity reasonably foreseen that their basis of knowledge or information would rise to a violation of plaintiffs Fourth, Fifth and Fourteenth Amendment rights if detained in police custody.

Plaintiff Tolbert states that defendants knowingly violated plaintiffs constitutional rights with the subsequently manufacturing of false circumstantial evidence an allege fingerprint. Plaintiff Tolbert also states that if allege fingerprint was compatible with his print a warrant would have immediately went into circulation for the arrest of plaintiff. Plaintiiff further states that at no time on dates of January 29, 2006 thru May 9, 2006 were there any type of warrant circulating for plaintiff's arrest. Plaintiff further also states that the main print a palmprint in this case were never further investigated by the defendant police at anytime after plaintiff's palmprints were eliminated.

COUNT II
STATE VIOLATION PENDING FALSE ARREST FALSE IMPRISONMENT
ARTICLE I, SECTION 6

FACTS

1-9. Plaintiff alleges and realleges Paragraph 1 through 9 of Count I as paragraghs 1 through 9 of this Count with the same force and effect as if fully set forth herein.

10. By means of the above defendant's callous disregard and deliberate indifference of plaintiff's rights on May 9, 2006 plaintiff was place under arrest for an investigative alert by above defendant officers, F. Jantke, and C. Streff of the Chicago Police Department depriving plaintiff of his liberty without due process of law, in violation of the Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983 as plaintiff exited a public establishment and committed no offense.

11. Plaintiff contends that an officer Det. J. Delia, #20736 knowingly forged the signature of allege victim Hyun Choi twice on lines for complaintant signature almost four months after allege date of an allege residential burglary that defendants charged plaintiff with which the complaint stated that on January 29, 2006 plaintiff knowingly and without aurthorization entered the dwelling place of Hynu Choi located at 438 West Diversey Apt. 2B with the intent to commit a felony or theft therein.

12. Plaintiff was never seen at anytime entering or exiting the above address at no time during the commission of this offense or immediately thereafter.

13. on January 29, 2006 when the initial 911 call was phone in by the allege victim, an officer, John P. Aguinaga #8576 stated to victim that he was sending an evidence technician, (fingerprint) who determined after his investigation on above date that the M.O. was Forcible Entry, and not perpetrator concealing his actions, desk Sgt. Norbert Holzinger #2215 approved the above.

Plaintiff Tolbert is charged with offense with two different allege M.O.'s blanketed under allegedly using keys to unlock and lock doors in such a manner as to conceal his actions. The allege Master Set of keys did not unlock any doors to the above address as stated by the building engineer/manager.

14. Plaintiff Tolbert also contends that these above defendants based their mere suspicions on plaintiff when a certain detective learned that plaintiff was stopped in the area and detained by police on March 17, 2006, this detective knew plaintiff from 1999. In MARX v. GUMBINNER, 905 F.2d 1503, 1505(11th Cir. 1990) states that a warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a Section 1983 claim. The Marx Court also states that the only time probable cause to arrest exist

4

if the facts and circumstances within the officers knowledge, of which he has reasonable trustworthy information, which would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense.

15. Plaintiff contends that defendant P.O. Kizziah's information to fellow officers portrayed a different action concerning his contact of plaintiff in alley on March 17, 2006, in which plaintiff was not taken to police station for further investigation or placed under arrest based on an allege fingerprint that was allegedly taken by defendant evidence technician on January 29, 2006. Officer's knew subsequently who they wanted to close the above stated case with after plaintiffs March 17, 2006 encounter with their fellow defendant officer, because plaintiff Tolbert further contends that defendant officer's involved in the March 17, 2006 incident was of the reasonable, prudent, and trustworthiness and knew a crime had not been committed by plaintiff, and their final conclusion was no probable cause existed to take plaintiff to the police station for further questioning or further investigation(s), and defendant officers with the approval of their command Sgt. and after making radio call to the police station and case/incident reviewed by Reviewing Watch Commander, Captain gave the defendant officers order to release plaintiff with the writing of a Contact Card that officers came in contact with plaintiff and plaintiff was free to leave. That incident determined by defendant Kizziah's fellow superior officers lacked essential elements that would lead officers to believe probable cause for further questioning, interrogation, and/or arrest existed. HILL v. CLIFTON, 74 F.3d 1150, 1152 (11th Cir. 1996) A city maybe held liable, responsible where the policymakers approve a subordinates decision and basis for it, see also MONELL v. DEPARMENT OF SOCIAL SERVICES, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Plaintiff states that the defendant officers Kizziah and Young subsequent written supplemental reports and information reports stated that defendants had first hand personal eyewitness accounts that plaintiff possessed those allege keys all along and used those keys prior to March 17, 2006 to lock and unlock doors in such a manner as to conceal his actions, and their reports were approved by a Sgt. Matijevich was one of the officers called on the scene by defendant officer Kizziah on March 17, 2006, which later led to other defendants acting in furtherance in collusion to conspire to manufacture an allege fingerprint as circumstantial evidence against plaintiff.

COUNT III

STATE CLAIM MALICIOUS PROSECUTION

1-15 Plaintiff alleges and realleges Paragraphs 1 through 15 of Count I as Paragraphs 1 through 15 of this Count, with the same force and effect as if fully set forth herein.

16. As a result of the malicious charge placed against plaintiff by defendants Kizziah and Young, written reports, Plaintiff also contends, and was arrested by defendant officers Jantke and Streff on May 9, 2006. plaintiff states that a Det. J. Delia #20736 went before the grand jury on May 23, 2006 and testified in Tandem of allege victim and based his his testimony upon pure presumption, manufactured circumstantial evidence, and hearsay that plaintiff committed this allege offense on January 29, 2006. This was the only testimony submitted before the grand jury concerning plaintiff with no allege evidence of an allege fingerprint submitted whatsoever. The state sought to indict plaintiff and by-pass a preliminary hearing in which plaintiff could not come face-to-face with his accusers

5

or cross-examine them or impeach them a violation of plaintiffs and/or an accused due process and equal protection of the law.

## COUNT IV

### FEDERAL MALICIOUS PROSECUTION CLAIM

Plaintiff Tolbert contends that after the defendants allege comparison of allege open fingerprint lifted from allege jar of change and positively allegedly identified as plaintiffs # 8 middle finger and these same defendant officers knew that plaintiff was on MSR/Parole status and a warrant for his arrest for this positive identification ever go into circulation nor was his parole agent ever notified of this print tying plaintiff to an offense the same as he was currently on MSR release for and subseqently denying plaintiff of a preliminary examination granted him under the Federal Rules of Criminal Procedure, 5)c) and this denied him of the right to hear the evidence against within a reasonable time and to cross examine the witness against him violated Rule 5)c) of the Federal Rules of Criminal Procedure and the accused right to a speedy trial as guaranteed by the Sixth Amendment and the Fourteenth Amendment of Due Process Clause of the United States Constitution.

### GROUNDS FOR RELIEF

Plaintiff Tolbert state that the charges caused damages to his life's well-being, and his dignity.
Plaintiff allege permanent damages of future fears of bogus stops by police for trumped up chatges, public embarrassment and public ostricisizing.

### RELIEF SOUGHT

WHEREFORE, Plaintiff GEORGE TOLBERT, demands judgment against defendants Kizziah, and Young, and all other defendant officers acting in furtherance of this jointly undertaking activity to conspire in collusion to manufacture false evidence and to subsequently charge and indict plaintiff with the above charge of residential burglary jointly and severally for compensatory damages in the amount of $400.000 from each defendant named, and further demands judgment against each of said defendant, jointly and severally, for punitive damages in the amount of $400.000 each defendant plus the cost of this action and such other relif as to this Court seems just, proper, and eqitable.

DATED: DECEMBER 26, 2007

/s/ George Tolbert
/Plaintiff/

| 1. INCIDENT CLASSIFICATION | | 2. DATE OF OCCURRENCE / TIME | | 3. R.O. / YR | TIME | 4. BEAT/UNIT ASSIGNED |
|---|---|---|---|---|---|---|
| ☐ LOST 6070 | ☐ WEAPON TURNED IN 5072 | 17 MAR 06 1846 | | 17 MAR 06 | 1848 | 2333 |

| 5. ADDRESS OF OCCURRENCE | APT. NO. | 6. TYPE OF LOCATION/PREMISES WHERE OCCURRED | LOCATION CODE | 7. BEAT OF OCCURRENCE |
|---|---|---|---|---|
| 425 W SURF | | ALLEY | | 2333 |

| 8. KIND OF PROPERTY | 9. PROPERTY INVENTORY NO. | 10. MANUFACTURER'S SERIAL NO. | 11. VALUE |
|---|---|---|---|
| KEYS | 10712439 | — | — |

| 12. NAME — ☐ 1 LOSER ☒ 2 FINDER ☐ 3 REPORTED INCIDENT | SEX-RACE-AGE | 13. HOME ADDRESS | APT. NO. | HOME PHONE | BUSINESS PHONE |
|---|---|---|---|---|---|
| TOLBERT, GEORGE | M 1 48 | 6317 S. ELLIS | 2 | NONE | NONE |

| 14. OWNER NOTIFIED | HOW NOTIFIED | NOTIFIED BY WHOM |
|---|---|---|
| ☒ YES  ☐ NO | IN PERSON | KIZZIAH 7304 |

**90. NARRATIVE**

EVENT 0607616435 — R/O OBSERVED SUBJECT BOX 12 LOOKING INTO AN OPEN GARAGE DOOR AT BOX LOCATION 5. A FIELD INTERVIEW WAS CONDUCTED AT WHICH TIME SUBJECT WAS OBSERVED THROWING THE KEYS TO THE GROUND IN AN ATTEMPT TO CONCEAL THEM. WHEN R/O QUESTIONED SUBJECT ABOUT THIS ACTION SUBJECT STATED "I FOUND THEM KEYS". R/O INVENTORIED KEYS PER GENERAL ORDERS. R/O LEARNED THAT THE KEYS WERE A "MASTER SET" FROM A BUILDING LOCATED AT 430-436 W. DIVERSEY WHERE THERE HAS RECENTLEY BEEN SEVERAL BURGLARIES WHERE THE M.O. WAS UNLAWFUL ENTRY. INFORMATION REPORT SUBMITTED.

| 91. EXTRA COPIES REQUIRED | 91. DATE INVESTIGATION COMPLETED — TIME | 94. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|
| ☐ NORMAL  1 COPY A3PC | 17 MAR 06 2230 | SGT. M. MATIJEVICH | 2572 |

| 92. REPORTING OFFICER (PRINT NAME) | STAR NO. | 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
|---|---|---|---|---|
| KIZZIAH | 7304 | | | |

95. DATE APPROVED — 17 MAR 06  2310

R.D. NO. HM 230 455

CPD-11.408 (REV. 4/84)

RACE CODES: 1–BLACK, 2–WHITE, 3–BLACK-HISPANIC, 4–WHITE-HISPANIC, 5–AMERICAN INDIAN/ALASKAN NATIONAL, 6–ASIAN/PACIFIC ISLANDER.

(EXHIBIT)—LOST AND FOUND CASE REPORT, Chicago Police—(EXHIBIT)

(EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) — A-1

May-10-2006 19:20 From-area 3 detective division +13127445130 T-991 P.007/019 F-394

# CHICAGO POLICE DEPARTMENT — INVENTORY

**INV NO. 10712439**

**DATE RECOVERED:** 17-MAR-2006

| ITEM | QUANTITY | DESCRIPTION OF PROPERTY |
|---|---|---|
| 308007 | 20 | OTHER : SECURITY KEYS TO OTHER BUILDINGS |

**CURRENCY:**

**Court Date** _____ **Court Branch** _____

**IUCR:** 5071  **NON-CRIMINAL FOUND PROPERTY**

**STATE CHARGES:**

**RECOVERED FROM — NAME:** TOLBERT, GEORGE  ☐ DECEASED  ☐ ARRESTED

**OWNER'S NAME:** YOUNG, MARCE

☐ CHECK IF C.P.D.

☐ HOLD FOR INVESTIGATION AND/OR EVIDENCE (IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)

☒ PROPERTY OWNER PICK-UP PURSUANT TO NOTICE OF INVENTORY RETURN POLICY

☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED; THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER/BURGLARY/ROBBERY)

**DESTINATION OF PROPERTY:**
☐ POLICE MAIL
☐ E & RPS PICKUP
☐ E & R/LAB TECHNICIAN

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

**$ TOTAL CASH U.S.$**

**CURED BY — NAME:** TOLBERT, GEORGE  **ADDRESS:** 6317 S ELLIS AVE Apt 2, CHICAGO, IL  **TELEPHONE NO.:** 312 817 9639

**AT:** 428 W SURF ST CHICAGO, IL  **APT:** 205

**CHARGE TYPE:** MISDATE   **BEAT OF RECOVERY:** 2333

**1st OFFICER'S NAME:** KIZZIAH, AARON  **STAR NO.:** 7304  **UNIT:** 023

**2nd OFFICER'S NAME:** YOUNG, THOMAS  **STAR NO.:** 9302  **UNIT:** 023

**INVESTIGATING OFFICER:** KIZZIAH, AARON  **STAR NO.:** 7304  **UNIT:** 023

Signature — Electronic Approval
Signature — Electronic Approval

**RECIPIENT'S SIGNATURE** X _____

**ADDRESS - STREET** _____  **CITY** _____  **STATE** _____  **ZIP** _____

**DATE RECEIVED** _____

**OFFICER'S SIGNATURE** X _____  **STAR - UNIT** _____

**WATCH COMDR'S APPROVAL SIGNATURE (EXEMPT RANK REQUIRED FOR FIREARMS)** X _____

**JUDGE** X _____

**COURT ORDER — DISPOSAL INSTRUCTIONS**

**OFFICER'S SIGNATURE - STAR CODE ONLY** Y _____

**COPY 1 — KEEP WITH PROPERTY**

# INFORMATION REPORT / CHICAGO POLICE DEPARTMENT

INSTRUCTIONS: FORWARD TO FIRST DEPUTY SUPERINTENDENT - BUREAU OF OPERATIONAL SERVICES
ATTACH COPIES OF RELATED REPORTS AND COMPUTER INQUIRY PRINTOUTS.

**DATE:** 17 March 200_

**INFORMATION CONCERNS:**
- [ ] SEX OFFENDER (SEE BOX BELOW)
- [ ] ORGANIZED CRIME/NARCOTICS
- [ ] SCHOOL ACTIVITY/DISTURBANCE
- [ ] FUTURE PUBLIC GATHERING/FUTURE LABOR DISPUTE
- [ ] AUTO THEFT
- [ ] STREET GANGS
- [ ] POLICE IMPERSONATOR
- [ ] HUMAN RIGHTS
- [x] OTHER

**DATE & TIME OF INCIDENT:** 17 March 2006  1848 Hours
**LOCATION OF INCIDENT:** 425 W. Surf ( Alley )

**SUBJECT**
- **NAME:** TOLBERT George R.
- **A.K.A.:**
- **SCARS, TATTOOS, ETC.:**
- **ADDRESS:** 6317 S. Ellis #2 Chicago
- **SEX:** M
- **RACE:** 1
- **DATE OF BIRTH:** 13 Aug 1958
- **HEIGHT:** 6'0
- **WEIGHT:** 150
- **HAIR:** Blk
- **EYES:** Brn
- **SOCIAL SECURITY NO:** 336 52 4336
- **DRIVERS LICENSE NO:** T 416 316 5830
- **STATE:** IL
- **I.R. NO.:** 689341
- **RELATED C.B. NO.:**
- **RELATED R.D. NO.:** HM 2_8 455

**VEHICLE USED IF ANY:** On Foot at Time of Incident

## SEX OFFENDERS

- [ ] REGISTERED
- [ ] NOT NOTIFIED/TO BE NOTIFIED
- [ ] NOTIFIED/NOT REGISTERED

NOTIFIED TO REGISTER BY - NAME | STAR | UNIT | DATE/TIME

IS CURRENT ADDRESS SAME AS REGISTERED ADDRESS? [ ] YES [ ] NO
IF NO, WAS LOCAL LAW ENFORCEMENT NOTIFIED OF ADDRESS CHANGE? [ ] YES [ ] NO
WAS SUBJECT CHARGED WITH VIOLATION OF SEX OFFENDER REGISTRATION ACT? [ ] YES [ ] NO
CHARGES (CH.-PAR): 
LEADS NO.:

## NARRATIVE

Event# 06076-16435

In Summary - On the date and time referenced in this report R/O was on patrol duties assigned to Beat 2333 and had occasion to observe the subject referenced in this report walking in the rear alley looking into a open garage door. R/O familiar with a series of burglaries in the area conducted a field interview with the subject based on the subjects activity of looking into the open garage. R/O exited his vehicle to conduct the field interview at which time R/O observed the subject N.K.A TOLBERT, George, reach into his pocket and discard a ring containing several "Keys", which are used to Lock and Un-Lock doors, behind him in such a manner as to conceal his actions. R/O began to question the subject as to his activity in the alley and his reason for looking into the open garage door at which time the subject denied this activity. A protective pat down search of the subject revealed 15 additional security type keys in the subjects front right pocket. R/O having knowledge of several burglaries in the building which was directly behind where the subject was observed, and all of those burglaries being the type of " Unlawful Entry, No Force", R/O asked subject if knew anything about the burglaries and what all the keys were for. The subjects response was that he had just found the keys around the corner and that he wished to turn them over to R/O. A name check of the subject via Zone 2 radio revealed that the subject was currently on PAROLE STATUS for Burglary. Based on the fact that subject was not observed committing a crime at the current time he was free to leave the area. R/O contacted the building Manager/Engineer of the Buildings where several of the burglaries had taken place and R/O relocated to the mangers office at 2756 n. pinegrove so that the Engineer could examine the security keys that TOLBERT,G had tendered to R/O.

**OPERATIONS COMMAND NOTIFIED? (IF REQUIRED)** [ ] YES [x] NO
**PERSON NOTIFIED:**
**DATE/TIME:**

| REPORTING MEMBER | STAR NO | UNIT | REPORTING MEMBER | STAR NO | UNIT |
|---|---|---|---|---|---|
| Kizziah | 7304 | 023 | Young | 9302 | 023 |

**REVIEWING WATCH COMMANDER / UNIT COMMANDING OFFICER:** Capt. B Wa___
**STAR NO:** 2_
[x] CONTINUED ON REVERSE SIDE
**THIS REPORT HAS** 4 **PAGES**

## FOR USE BY OPERATIONS COMMAND PERSONNEL ONLY

| DEP. SUPT., B.T.S. | DEP. SUPT., B.T.S. | DEP. SUPT., B.S.S. | DEP. SUPT., B.A.S. | CHIEF, PATROL DIV. | CHIEF, DETECTIVE DIV. | CHIEF, OR. CRIME DIV. |
|---|---|---|---|---|---|---|
| SPECIAL EVENTS | IAD | LEADS DESK | OTHER (SPECIFY) 116, 630 | | | |

**MEMBER AUTHORIZING DISTRIBUTION:** [signature]
**STAR NO:** 12787

# CHICAGO POLICE DEPARTMENT
CPD-34.523 (REV. 8/03)

**INV NO** 10685264  **PKG NO** 672005  **RD** HM152429  377

**RE-INVENTORY OF:**

| DATE RECOVERED | 29-JAN-2006 |
|---|---|

| ITEM ID | QUANTITY | DESCRIPTION OF PROPERTY |
|---|---|---|
| 12865049 | 1 | FINGERPRINT(S): LATENT PRINT FROM CHANGE JAR IN LIVING ROOM (A) |
| 12865050 | 1 | FINGERPRINT(S): LATENT PRINT FROM CHANGE JAR IN LIVING ROOM (B) |

**COMMENTS:** EVENT #0602819988 OFFENSE: BURGLARY VICTIM: CHOI, HYUN F-8-23 TO UNIT 177 FOR LP PROCESSING.

**CURRENCY:** Count Size / Count Breach

$ **TOTAL CASH U.S./C.**

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

COURT ORDER – DISPOSAL INSTRUCTIONS

| OWNER'S NAME | ADDRESS | CITY | STATE | ZIP | TELEPHONE NO. |
|---|---|---|---|---|---|

| RECOVERED/SEIZED FROM - NAME | | ADDRESS | | TELEPHONE NO. |
|---|---|---|---|---|
| ☐ DECEASED ☐ ARRESTED | | AT 428 W DIVERSEY PKWY Apt 2B CHICAGO, IL | | |

| STATE CHARGES: | CHARGE TYPE: | INCIDATE: | BEAT OF RECOVERY 2333 | JUDGE |
|---|---|---|---|---|

| IUCR | 0610 | BURGLARY FORCIBLE ENTRY | | |

| FOUND BY - NAME | ADDRESS | STAR NO. | UNIT | OFFICER'S SIGNATURE | STAR |
|---|---|---|---|---|---|
| ☒ CHECK IF C.P.D. | MUNIZ, SAMUEL Star 15610 | 15614 | 377 | E & R.P.S USE ONLY | UNIT |

| INITIAL DESTINATION OF PROPERTY: | ☒ HOLD FOR INVESTIGATION AND/OR EVIDENCE ☐ IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK | INVESTIGATING OFFICER - MUNIZ, SAMUEL | STAR NO. 15614 | UNIT 377 | 1st OFFICER'S NAME MUNIZ, SAMUEL | STAR NO. 15610 | UNIT 377 | CT.BRL. |
|---|---|---|---|---|---|---|---|---|
| | ☐ PROPERTY OWNER PICK-UP PURSUANT TO NOTICE OF INVENTORY RETURN POLICY | | | | 2nd OFFICER'S NAME | STAR NO. | UNIT | |
| | ☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED) (THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN) | SIGNATURE Electronic Approval | | | SIGNATURE Electronic Approval | | | |

| VIA | ☒ POLICE MAIL ☐ E.R.P.S. PICKUP | ☐ RECOVERING UNIT PERSONNEL ☐ EVID. LAB TECHNICIAN | APPROVING DESK SERGEANT HOLZINGER, NORBERT | SIGNATURE Electronic Approval | STAR NO. 2216 | DATE 30-JAN-2006 | TIME 00:21 |
|---|---|---|---|---|---|---|---|

Created by: PC05708

**COPY 1 - KEEP WITH PROPERTY**

Handwritten: "Copy of Inventory side of Inventory sheet"

10685264

Printed by: PC05608  30-JAN-2006 00:2

# CHICAGO POLICE DEPARTMENT
CPD-34.523 (REV. 6/03)

**INV NO 10685265**  **PKG NO 6729095**  **RD HM152429**  377

## DESCRIPTION OF PROPERTY

| DATE RECOVERED | ITEM ID | QUANTITY | | |
|---|---|---|---|---|
| 29-JAN-2006 | 1348661 | 1 | | FINGERPRINT(S): SET OF ELIMINATION PRINTS FROM VICTIM: CHOI, HYUN F-8-23. COUNT 177 FOR LP PROCESSING. |

**COMMENTS:** EVENT#0602918985
OFFENSE: BURGLARY
VICTIM: CHOI, HYUN F-8-23.
COUNT 177 FOR LP PROCESSING.

CURRENCY: $  **TOTAL CASH U.S.C**

Court Date
Court Branch

RE-INVENTORY OF:

MY SIGNATURE HEREON ACKNOWLEDGES RECEIVING ALL PROPERTY DESCRIBED IN THIS INVENTORY
RECIPIENT'S SIGNATURE X
ADDRESS - STREET    CITY    STATE    ZIP
DATE RECEIVED
OFFICER'S SIGNATURE - STAR - UNIT X
WATCH COMDR'S APPROVAL SIGNATURE (EXEMPT RANK REQUIRED FOR FORCED USE) X

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

COURT ORDER - DISPOSAL INSTRUCTIONS

| OWNER'S NAME | | | ADDRESS | | TELEPHONE NO. | CHARGE TYPE: INCHOATE: | BEAT OF RECOVERY 2333 | JUDGE |
|---|---|---|---|---|---|---|---|---|
| CHOI, HYUN | | | AT 438 W DIVERSEY PKWY Apt 2B CHICAGO, IL | | | | | |

RECOVERED/SEIZED FROM - NAME
☐ DECEASED  ☐ ARRESTED

R.C.R.
STATE CHARGES: #810  BURGLARY FORCIBLE ENTRY

| FOUND BY - NAME | | | ADDRESS | | TELEPHONE NO. | STAR NO. 16510 | UNIT 377 |
|---|---|---|---|---|---|---|---|
| ☒ CHECK IF C.P.D. | MUNIZ, SAMUEL Star: 16510 | | | | | | |

| | 1st OFFICER'S NAME MUNIZ, SAMUEL | | | SIGNATURE Electronic Approval | | STAR NO. 16510 | UNIT 377 |
|---|---|---|---|---|---|---|---|
| ☒ HOLD FOR INVESTIGATION AND/OR EVIDENCE (IF NOT NEEDED FOR INVESTIGATION/EVIDENCE LEAVE BLANK) | 2nd OFFICER'S NAME | | | SIGNATURE Electronic Approval | | STAR NO. | UNIT |
| ☐ PROPERTY OWNER PICK-UP PURSUANT TO NOTICE OF INVENTORY RETURN POLICY | INVESTIGATING OFFICER - MUNIZ, SAMUEL | | | | | STAR NO. 16510 | UNIT 377 |
| ☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED) (THIS APPLIES IF PROPERTY IS NON EVIDENCE AND/OR OWNER IS UNKNOWN) | APPROVING DESK SERGEANT HOLZINGER, NORBERT | | | SIGNATURE Electronic Approval | | STAR NO. 2216 | |

INITIAL DESTINATION OF PROPERTY:
FORENSIC SERVICES SECTION

| VIA | ☒ POLICE MAIL | ☐ E. & R.P.S. PICKUP | ☐ RECOVERING UNIT PERSONNEL | ☐ EVID./LAB TECHNICIAN | | DATE 30-JAN-2006 | TIME 06:21 |

Created by: PC0R02    **COPY 1 - KEEP WITH PROPERTY**    Printed by: PC0R50 30-JAN-2006 06:12

10685265

*Copy of frontside of inventory sheet*

# FREEDOM OF INFORMATION REQUEST
## STATE OF ILLINOIS (1)

6382

| Name of Agency | City |
|---|---|
| Illinois State Police | Springfield |
| Address: Freedom of Information Office 500 Iles Park Place, Suite 300 | IL 62703 |

**INSTRUCTIONS:** Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| Requestor's Name (Or business name if applicable) | Date of Request | Phone Number |
|---|---|---|
| George Tolbert | 11/22/2006 | |

| Street Address | CERTIFICATION REQUESTED [ ] YES [X] NO |
|---|---|
| Post Office Box 089002 | Requestor's Signature |

| City | State | Zip | |
|---|---|---|---|
| Chicago | Illinois | 60608 | (NOT REQUIRED) |

**DESCRIPTION OF RECORDS REQUESTED:**

Copies of fingerprint, fingersmear on file allegedly taken from an alleged jar of change from dwelling place of Hyun Choi, on or about January 29, 2006, or thereafter, located at 438 W. Diversey, Apt. 2B in Chicago, IL in which alleged fingersmear is allegedly compatible with George Tolbert. Indictment No. 06CR11714, IR #689341, CPD RD #152429, DOB: 8/13/1958, SSN: 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, along with fingerprint technicians signature, date print taken, and evidence tag number.

[X] REQUESTING COPIES     [ ] TO INSPECT RECORDS

**AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)**

**APPROVED**

[ ] The documents requested are enclosed.

**The Illinois State Police cannot locate any records regarding this request. We could not locate any case file on George Tolbert.**

[ ] The documents will be made available upon payment of copying costs ............... $ _____

[ ] You may inspect the records at _____

on the date of _____

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[ ] The materials requested are exempt under Section 7 ___see below___ of the Freedom of Information Act for the following reasons:

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
|  | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: |

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center.

FOIA Officer: Bridget DeRriest

Date of Reply: 2/15/2007

IL 001-0005 (6/84)



| Richard M. Daley | Department of Police • City of Chicago | Philip J. Cline |
|---|---|---|
| Mayor | 3510 S. Michigan Avenue • Chicago, Illinois 60653 | Superintendent of Police |

December 13, 2006

George Tolbert, #2006-0035557
P.O. Box 089002
Chicago, IL 60608

Re: **NOTICE OF DENIAL OF PUBLIC RECORDS**
REQUEST DATE: October 31, 2006
FOIA FILE NO.: **06-1542**

Dear Mr. Tolbert:

The Chicago Police Department is in receipt of your Freedom of Information Act(FOIA) request for a copy of the fingerprints on file taken from a jar of change from the dwelling of Hyun Choi on or about January 29, 2006 which is located on 438 W. Diversey, Apt. 2B. You also request the evidence tag number with the fingerprint technician's signature.

Your request was reviewed by the undersigned. It was determined that your request must be granted in part and denied in part. It was determined that a copy of the inventory report may be provided but with certain information deleted. The deleted material is specifically exempt from disclosure under the following paragraphs of the Illinois Freedom of Information Act:

> 5 ILCS 140/7 (1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. Information exempted under this subsection (b) shall include but is not limited to:
>
>> (v) information that reveals the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies;
>
> 5 ILCS 140/7 (1)(c)Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:
>
>> (vi) constitute an invasion of personal privacy under subsection (b) of this Section;

However, your request for fingerprints must be denied. This denial is based upon the following paragraphs of the Illinois Freedom of Information Act:

> 5 ILCS 140/7 (1)(c)Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:

---

Emergency: 9-1-1 • Non-Emergency: (Within City limits) 3-1-1 • Non-Emergency: (Outside City limits) 312-746-6000
TTY: 312-746-9715 • E-mail: police@ci.chi.il.us • Website: www.ci.chi.il.us/CAPS

(v)　disclose unique or specialized investigative techniques other than those generally used and known or disclose internal documents of correctional agencies related to detection, observation or investigation of incidents of crime or misconduct;

5 ILCS 140/7 (d) Criminal history record information maintained by State or local criminal justice agencies.

"Criminal history information" means data identifiable to and individual and consisting of descriptions or notations of arrests, detentions, indictments, information, per-trial proceedings, trials, or other formal events in the criminal justice system or descriptions or notations of criminal charges (including criminal violations of local municipal ordinances) and the nature of any disposition arising therefrom, including sentencing, court or correctional supervision, rehabilitation and release. The term does not apply to statistical records and reports in which individuals are not identified and from which their identities are not ascertainable, or to information that is for criminal investigative or intelligence purposes."

To the extent that this is a denial of your request, you may file a written appeal of this denial with the Superintendent of Police at the following address:

Superintendent of Police
Attention: Office of Legal Affairs
Chicago Police Department
3510 South Michigan Avenue
Chicago, Illinois 60653

The redacted report that may be provided is now available. The report may be mailed to you upon receipt of payment in the form of a check or money order for the amount specified below (made payable to the **Chicago Department of Revenue),** please forward payment to the following address:

Chicago Police Department
Attention: Freedom of Information
Records Inquiry and Customer Service Section
3510 South Michigan Avenue, Room 1027 SE
Chicago, Illinois 60653

**Please be certain to identify your Freedom of Information file number with your payment.**

Duplication:　$0.25 (1 @ $.25 per page)
Postage:　$0.78
**Total Cost:　$1.03**

Sincerely,

*Olivia Medina*
Olivia Medina
Public Information Officer
Department of Police
Records Services Division

CB #: 15529812
TOLBERT, George

**Chicago Police Department - ARREST Report**

NO WARRANT IDENTIFIED

| Name: CHOI, Hyun | Female | Injured? No | Deceased? No |
|---|---|---|---|
| | Asian/Pacific Islande | | |
| | DOB: | Hospitalized? No | |
| | Age: 23 | | |
| | | Treated and Released No | |
| | Comments: | | |

NO ARRESTEE VEHICLE INFORMATION ENTERED

**Confiscated Properties :**
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    TOLBERT, George,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)
THIS IS A 019TH DISTRICT BURGLARY MISSION TEAM ARREST.
ABOVE ARRESTED FOR INVESTIGATIVE ALERT # 299937344 AFTER INFORMATION FROM DET. MUSCOLINO A/3 P/
WAS PASSED ON TO MEMBERS OF THE MISSION TEAM. SUBJECT WAS SPOTTED EXITING PAWN SHOP LOCATED
AT 2626 N. CLARK, NAME CHECK REVEALED ABOVE INVESTIGATIVE ALERT. SUBJECT READ RIGHTS PER
MIRANDA AND TRANSPORTED TO 019TH DISTRICT FOR PROCESSING.

NO I.D.'S s
CLAIMS NO GANG AFFAIL.
INVESTIGATIVE ALERT # 299937344

## IDOC/ Parole
773.650.6501

From: Puckett, F, CRW   Div. ONE   Ext. 6547

Re:   CCDOC Detainee Request

Date: 08/14/06

B2

****************  PRINT  ****************

Detainee  or  CRW Request:   Detainee Name: tolbert, George

CCDOC ID#: 2006-003555 7

(required) **IDOC ID #:** B 13361

I NEED A Computer print out of my termination on Parole and a separate Computer printout of Warrant(s) against me date between 1/29/06 - 5/9/06

IDOC Response:   Completed By: Sgt W Hampton

Their not any Warrant against in IDOC System

Note: When the response is completed, it will be placed in the designated box within the Record's Department. This form will **NOT** be returned *via* Fax.

It is the responsibility of the assigned CRW to retrieve this completed request from the Record's Department on a timely basis.

```
OM0SC009              ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS                8/14/ 6
PAGE: 0001            SENTENCE CALC -- MITTIMUS/SENTENCE INQUIRY              13:22:12

IDOC#: B13301 TOLBERT, GEORGE                3 A L  DISCHARGED                07/28/2004

PROJ REL DTE: 07/28/2004   PROJ DISC DTE: 07/28/2006  NEXT DOCKET DTE:          0000
                                            SEX OFFENDER REGISTRY REQD:
---MITT #---   --COMT CNTY-- COURT FIND   MN MX ---DISC--- SEQ CL CNTS CUST DATE
99CR0378401    COOK                        B WIL EXP      4  1   1     1 28 99
RESIDENTIAL BURGLARY                      MIN 0012 00 0000 MAX 0012 00 0000   CC
OFNS DATE: 10  25  98    SENT DATE: 2  5  01  DISC/REM DATE:  7 28 06
       AOIC: 1120000                      VICTIM < 18:    VICTIM < 12:   TIS:
99CR0378601    COOK                        N WIL EXP      4  1   1     1 28 99
RESIDENTIAL BURGLARY                      MIN 0012 00 0000 MAX 0012 00 0000   CC
OFNS DATE:  1   6  99    SENT DATE: 2  5  01  DISC/REM DATE:  7 28 06
       AOIC: 1120000                      VICTIM < 18:    VICTIM < 12:   TIS:
99CR0378701    COOK                        N WIL EXP      4  1   1     1 28 99
RESIDENTIAL BURGLARY                      MIN 0012 00 0000 MAX 0012 00 0000   CC
OFNS DATE:  1  15  99    SENT DATE: 2  5  01  DISC/REM DATE:  7 28 06
       AOIC: 1120000                      VICTIM < 18:    VICTIM < 12:   TIS:
NEXT KEY DATA: IDOC #: B13301
PF7: PAGE BACK    PF8: PAGE FWD
```