IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO   ILLINOIS  60604

FILED
JAN 0 7 2008
Jan 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GEORGE TOLBERT
    Plaintiff,

V.

PHILIP J. CLINE, et al.,
    Defendant(s),

08CV0118
JUDGE ST.EVE
MAG.JUDGE VALDEZ

JURY TRIAL

NOTE TO THE CLERK OF THE U.S. DISTRICT COURT

    I am submitting this note as an Introduction to the attached civil complaint with additional factual evidence.  Potential plaintiff Tolbert is familiar with this courts Doctrine of Comity, and and ex parte communication.  Potential plaintiff is not going to violate either of the two.  Tolbert states that this complaint states how Tolbert was arrested on May 9, 2006 for an allege INVESTIGATIVE ALERT, and subsequently charged for a class I offense of residential burglary with no concrete or tangible evidence (fingerprint on jar of change) or no photo of crime object (jar of change) in evidence or in Tolbert's discovery.  Tolbert has been representing himself in his trial court since June 21, 2007.  Tolbert know that this is dangerous, but Tolbert is trying to get to the bottom of this case and bring some closure to this case.

    Tolbert has repeatedly requested in court either by his former court-appointed attorney or by representing himself to produce this allege fingerprint evidence.  This trial court has constantly been in violation of 725 ILCS 5/116-4(1)(d), which states The court may order the disposition of the evidence if the defendant is allowed the opportunity to take reasonably measures to remove or preserve portions of the evidence in question for future testing.  And PEOPLE v. WILLIAMS, 1980, 47 Ill.Dec. 119, 91 Ill.App.3d 631, 414 N.E.2d 1235, also, PEOPLE v. BIVENS, 1981, 52 Ill.Dec. 835, 97Ill.App.3d 386, 422 N.E.2d 1044.  Tolbert was told by his trial judge William T. O'Brien that if Tolbert elected to go pro se that Tolbert could not appeal his errors.  Tolbert know that there will be constitutional appealable errors.

    Tolbert submitted a Motion To Dismiss Indictment where as Tolbert commenced with arguments on November 14, 2007 and the main officer's Tolbert subpoenaed to testify  Officer Aaron Kizziah, and Officer Samuel Muniz does not have to come to testify,  Officer Kizziah supposedly got hurt in the line of duty.  Tolbert is not getting the benefit of the doubt in this case when officers he questions testify to hearsay and cannot answer questions or state where on jar was Tolbert's allege print was lifted, on top, bottom, or side of this allege object.  Building Manager/Engineer could not answer all the questions, but he stated the allege keys were no longer active.  Part II of this Motion is set for January 16, 2008 with testimonies from a Sgt. Riggio, and a Det. Varallo.  Tolbert has 24 officers on this case for some strange

reason. On August 10, 2005 after Tolbert trained all evening at a bar on Broadway near Fullerton as a bartender Tolbert was stopped by Chicago police at 11:20pm at Fullerton Parkway and a contact card was written on him at the bus stop he did not find anything and was not subsequently charged with anything.

Allege victim Hyun Choi of the case currently at bar in Tolbert's criminal court took out a ten month lease from April 2005-Feb. 2006, at Apt 2B 438 W. Diversey Pkwy and moved to California Tolbert's former P.D. stated. This jar of change was allegedly moved from victims bedroom to living room that's where the unknown palmprints come from. This easily moved object could have been removed from out of her apartment where as the only allege fingerprint could have been impressed innocently.

As a pro se litigant in my criminal case this circumstantial evidence of an allege fingerprint is Tolbert's only defense. The state should not be allowed to insert pictures of an allege jar of change into evidence after 20 months, or whenever Tolbert goes to trial. This was not an A.F.I.S. Hit with fingerprint, just suitable for comparison only, not suitable for computer, just dusted for prints nothing scientific. In PEOPLE v. RHODES, v. Appellate, v. VANN ZANT, 422 N.E.2d 605 states where fingerprints was found on crime objects, so why Tolbert could not get fingerprint.

Tolbert does not see how this case could ever go to trial. Tolbert only defense is this allege fingerprint that only exist out of the officer's mouth thats the only proof. It does not matter if ten officer's get on the witness stand and back up story of a fingerprint, where is it?

Based on the above information to the attached potential Civil Rights Complaint perspective plaintiff Tolbert ask this Honorable Court and Clerk to view complaint in light most favorable to plaintiff Tolbert and allow Tolbert to prevail based on extra information stapled to this Note to Clerk of The Court alleging more facts.

I, GEORGE TOLBERT, swear to the penalty of perjury pursuant to 28 U.S.C. 1746 that the above statements made by Tolbert is true and correct This 31 day of December, 2007.

_____
George Tolbert

2

STATE OF ILLINOIS )
                      ) ss
COUNTY OF COOK )

        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                    CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINIOS, | ) | INDICTMENT No. 06 CR 11714 |
|     Complainant, | ) | |
| V. | ) | |
| GEORGE TOLBERT, | ) | |
|     Defendant, pro se | ) | |

FILED D2-208 SEP 05 2007 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL

DEFENDANT'S ANSWER TO DISCOVERY

    NOW comes the defendant, GEORGE TOLBERT, pro se, and submits its answer to the State's discovery as follows:

    1. Defendant Tolbert pro se summons, and/or by subpoena commands the appearance(s) of CPD Officer MICHAEL MALONE, star # 10389, L.P.E., & Forensic Expert, and CPD Officer SALVADOR MUNIZ, star # 15610, Evidence Technician to testify in court as to their considerable training in fingerprint classification and identification.

        (A). Also include all file reports of classifying and identifying fingerprint(s) and comparing print to exactly match that of allege defendant, all notes, memoranda, phone logs, contamination records and dates relating to the testing performed in the above indictment.

        (B). How was the allege fingerprint was taken, processed and submitted into evidence, including date time and sinature of CPD Officer logging allege impressed print into evidence.

    2. Defendant Tolbert pro se, also want the court to command the above Officer's to testify to the address of the Chicago Police Department Forensic Laboratory and the Director of Chicago Police Department Forensic Laboratory conducting the fingerprint and/or DNA identification, since allege fingerprint was not suitable for computer, was not suitable for A.F.I.S. Hit (fingerprint point identification system), and only suitable for comparison and mailed to Forensic Services Department stated in above case discovery.

    3. Also Defendant Tolbert wishes to call as witnesses the Following:
        (A). CPD Officer Kizziah star # 7304, racially profiling defendant on March 17, 2006, and detaining above defendant for two hours.

        (B). Sgt. M. MATIJEVICH star # 2512, Sgt (supervisor) of officer's on March 17, 2006 detention of defendant.

        (C). Watch commander (review circumstances) on March 17, 2006, 1843 hours.

        (D). MARCEL TOMA, Building mananger(engineer), not reporting allege lost master keys.

Dated this 16th day of August, 2007.

                                                                                                    George Tolbert
                                                                                                            Defendant pro se

**ENERAL PROGRESS REPORT**
**ETECTIVE DIVISION/CHICAGO POLICE**

3)

DATE OF ORIG. CASE REPORT

DATE OF THIS REPORT: 2 / APR / 06

OFFENSE CLASSIFICATION—LAST PREVIOUS REPORT | VICTIM'S NAME AS SHOWN ON CASE REPORT | BEAT/UNIT ASSIGNED 5366

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

WITNESS — TOMA, MARCEL (NMI) — Manager/Engineer
Building / Rents Collects Property

CHOI, HYUN J

RENTED APR 2005 — 2/2006
APT 2B 438 W DIV

REPORTING OFFICER'S SIGNATURE—STAR NO. | RECEIVED BY: SUPERVISOR'S SIGNATURE—STAR NO. | DAY—MO—YR. | TIME

D-23.122 (Rev. 2/83)

# Fingerprint Examination Report

Chicago Police Department – Latent Unit – Unit 166

**Date of Report:** 12-Sep-2006

Victim's Name: **Hyun Choi**
Type of Case: **Burglary**
R.D.#: **HM-152429**
Address of Service: **438 W. Diversey   Apt 2B**
Elimination Prints: _____
Suspect's Name: _____
I.R.#: _____

1. [✓] An examination of the latent friction ridge impressions submitted to the Identification Section in the above mentioned case was made and the **palmprints** were not identical.

2. [ ] On _____ at _____ hours an examination of the latent friction ridge impressions submitted in the above referenced case was conducted. The examination revealed the friction ridge impressions to be identical with the _____ of the above listed suspect/elimination.

**ATTENTION-S.A.O.:** If this evidence is to be used in court, please notify the Latent Unit at least twenty-one days prior to date of trial so proper exhibits can be prepared for presentation.

Request for comparison made by: **A.S.A. S. Kanter**   Star: _____   Unit: **Skokie**
Evidence recovered & processed by Technician(s): **S. Muniz**   Star: **15610**   Unit: **377**
Inked impressions taken by: **Files**   Star: _____   Unit: _____

Impressions identified: _____

Location of identified latent prints: _____

- [✓] There are unidentified impressions in this case:
  - [ ] suitable for A.F.I.S.
  - [ ] not suitable for A.F.I.S – need I.R. number for comparison.
  - [✓] Palmprints
- [ ] All Latent prints have been identified (case closed).
- [ ] The Elimination prints cannot be used.
- [✓] Obtain and submit (fingerprints/palmprints).

Remarks: **This is an addendum to original report dated 17 Apr 06**
**\*Palmprints of above suspect taken 11 Jul 06  \*Palmprints originally compared 14 Jul 06 corroborated by Leo Cummings 7 Sep 06 with negative results.**

Notification of results made to: **ASA K. Waldek**   Star #: _____   Unit: **Skokie**   Date: **12-Sep-2006**

Examination conducted by:
L.P.E. **Michael Malone**   Star #: **10389**
Corroborated by:
L.P.E. **Leo Cummings**   Star #: **13257**

Examiner's Signature: _(signed)_   Examiner's Signature: _(signed)_

Approved by: **CS #12866**

CPD-31.853 (Rev. 1/00)

(EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT) (EXHIBIT)

# Fingerprint Examination Report
Chicago Police Department – Latent Unit – Unit 166

**Date of Report:** 17-Apr-2006

Victim's Name: **Hyun Choi**  
Address of Service: **438 W. Diversey   Apt. 2B**  
Suspect's Name: **George Tolbert**  
Type of Case: **Burglary**   R.D.# **HM-152429**  
Elimination Prints: **See Remarks**  
I.R.# **689341**

1. ☐ An examination of the latent friction ridge impressions submitted to the Identification Section in the above mentioned case was made and the _____ were not identical.

2. ☑ On **17-Apr-2006** at **11:00 am** hours an examination of the latent friction ridge impressions submitted in the above referenced case was conducted. The examination revealed the friction ridge impressions to be identical with the **fingerprints** of the above listed suspect/~~elimination~~.

   **ATTENTION–S.A.O.:** If this evidence is to be used in court, please notify the Latent Unit at least twenty-one days prior to date of trial so proper exhibits can be prepared for presentation.

Request for comparison made by: **Det. D. Varallo**   Star: **20878**  Unit: **630**  
Evidence recovered & processed by Technician(s): **S. Muniz**   Star: **15610**  Unit: **377**  
Inked impressions taken by: **Files**   Star: ___  Unit: ___

Impressions identified: **# 8 (left middle) finger**

Location of identified latent prints: **change jar in living room**

☑ There are unidentified impressions in this case:  
  ☐ suitable for A.F.I.S.  
  ☐ not suitable for A.F.I.S – need I.R. number for comparison.  
  ☑ Palmprints  
☐ All Latent prints have been identified (case closed).  
☐ The Elimination prints cannot be used.  
☑ Obtain and submit (~~fingerprints~~/palmprints).

Remarks: **Negative comparison of Hyun Choi (elim.)**  
 ***No elim. palmprints submitted**  
 ***No palmprints on file for above suspect   17 Apr 06**

Notification of results made to: **Det. Della**   Star # **20736**  Unit **630**  Date: **17-Apr-2006**

Examination conducted by:  
L.P.E. **Michael Malone**   Star # **10389**  
Corroborated by:  
L.P.E. **Leo Cummings**   Star # **13257**

Examiner's Signature: _(signed)_   Examiner's Signature: _(signed)_

Approved by: **CS#12866**

CPD-31.853 (Rev. 1/00)